B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>Taylor-Wharton International LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)    26-1411577 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br><br>4718 Old Gettysburg Road, Suite 300<br>Mechanicsburg, PA                    ZIP Code<br>17055 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>Cumberland | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
☑ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☑ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7          ☐ Chapter 15 Petition for Recognition
☐ Chapter 9              of a Foreign Main Proceeding
☑ Chapter 11         ☐ Chapter 15 Petition for Recognition
☐ Chapter 12             of a Foreign Nonmain Proceeding
☐ Chapter 13

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☑ Debts are primarily business debts

**Filing Fee** (Check one box)

☑ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑<br>1-<br>49 | ☐<br>50-<br>99 | ☐<br>100-<br>199 | ☐<br>200-<br>999 | ☐<br>1,000-<br>5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-<br>50,000 | ☐<br>50,001-<br>100,000 | ☐<br>OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ☑<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☑<br>$50,000,001<br>to $500<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1)(1/08)                                                                                                     Page 2

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br><br>Taylor-Wharton International LLC |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  - None - | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>See Attached Schedule 1 | Case Number: | Date Filed: |
| District:<br>    Delaware | Relationship:<br>    Affiliate | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)         (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>☑ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>    _____<br>    (Name of landlord that obtained judgment)<br><br>    _____<br>    (Address of landlord)<br><br>☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(1/08)                                                                                                  Page 3

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | Taylor-Wharton International LLC |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

X _Mark Eckard_____
Signature of Attorney*
Mark W. Eckard, Esquire (No. 4542)
Printed Name of Attorney for Debtor(s)
Reed Smith LLP
Firm Name
1201 N. Market Street
Suite 1500
Wilmington, DE 19801
Address
Email: meckard@reedsmith.com

302-778-7500  Fax: 302-778-7575
Telephone Number
November 18, 2009
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

| **Signature of Debtor (Corporation/Partnership)** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _J. H. York_____
Signature of Authorized Individual
Leonard H. York
Printed Name of Authorized Individual
Chief Financial Officer
Title of Authorized Individual
November 18, 2009
Date

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

## SCHEDULE I TO VOLUNTARY PETITION

On the date hereof each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of these petitions, these entities filed an application requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

1.    Alpha One, Inc. (f/k/a American Tank & Welding, Inc.) [xx-xxx1392]
2.    American Welding & Tank, LLC [xx-xxx1945]
3.    Beta Two, Inc. (f/k/a Structural Composite Industries, Inc.) [xx-xxx1408]
4.    Delta Four, Inc. (f/k/a TW Cylinders, Inc.) [xx-xxx1320]
5.    Epsilon Five, Inc. (f/k/a TW Cryogenics, Inc.) [xx-xxx1344]
6.    Gamma Three, Inc. (f/k/a Sherwood Valve, Inc.) [xx-xxx1367]
7.    Sherwood Valve, LLC [xx-xxx1781]
8.    Taylor-Wharton Intermediate Holdings LLC [xx-xxx6890]
9.    Taylor-Wharton International LLC [xx-xxx1577]
10.    TW Cryogenics LLC [xx-xxx1713]
11.    TW Cylinders LLC [xx-xxx1665]
12.    TW Express LLC [xx-xxx6414]
13.    TWI-Holding LLC [xx-xxx8154]

**United States Bankruptcy Court**
**District of Delaware**

In re <u>Taylor-Wharton International LLC</u>          ,          Case No. _____
                                   Debtor

                                                          Chapter <u>11</u>_____

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with
Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Taylor-Wharton Intermediate Holdings LLC 4718 Old Gettysburg Road, Suite 300 Mechanicsburg, PA 17055 | | 100% | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

   I, Leonard H. York the Chief Financial Officer of the corporation named as the debtor in
this case, declare under penalty of perjury that I have read the foregoing List of Equity Security
Holders and that it is true and correct to the best of my information and belief.

Date: <u>November 18, 2009</u>               Signature ~~~~~~~~~~~~~

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or
imprisonment for up to 5 years or both.

18 U.S.C. §§ 152 and 3571.

   <u>0</u>   continuation sheets attached to List of Equity Security Holder

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TAYLOR-WHARTON<br>INTERNATIONAL LLC[1], et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-_____ (_____)<br>(Joint Administration Pending) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

      Taylor-Wharton International LLC and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"). This list creditors holding the 30 largest unsecured claims (the "Top 30 List") has been prepared on a consolidated basis from the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' Chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' right to contest the validity, priority, nature, characterization and/or amount of any claim.

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Primary Steel LLC<br>Bart Clifford<br>500 Colonial Center Parkway, Suite 500<br>Roswell, GA 30076<br>P: 678-259-8800<br>F: 678-259-8873 | Trade Debt | | $961,599 |

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Taylor-Wharton International LLC (1577); TWI-Holding LLC (8154); Taylor-Wharton Intermediate Holdings LLC (6890); Alpha One Inc. (1392); Beta Two Inc. (1408); Gamma Three Inc. (1367); Delta Four Inc. (1320); Epsilon Five Inc. (1344); TW Cryogenics LLC (1713); TW Cylinders LLC (1665); Sherwood Valve LLC (1781); American Welding & Tank LLC (1945); and TW Express LLC (6414).

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Worthington Cylinders Corp.<br>Dusty McClintock<br>P.O. Box 391<br>200 Old Wilson Bridge Road<br>Columbus, OH 43085-0391<br>P: 614-438-3013<br>F: 614-438-3083 | Trade Debt | | $636,670 |
| Essar Steel Algoma Inc.<br>Darrol Martin<br>5515 N. Service Road<br>Burlington ON L7L 6G4<br>Canada<br>P: 905-331-3400<br>F: 905-331-3452 | Trade Debt | | $586,846 |
| Engineered Controls Inc.<br>Mark Hall<br>9321 G Court<br>Omaha, NE 68127<br>P: 402-339-1300<br>F: 402-339-1311 | Trade Debt | | $576,100 |
| K & K Screw<br>Larry Florey<br>99 Internationale Blvd<br>Glendale Heights, IL 60139<br>P: 630-260-1735<br>F: 630-260-4091 | Trade Debt | | $461,120 |
| Heritage Propane (Spr Dale Ar)<br>Jeff Stevens<br>754 River Rock Dr.<br>Helena, MT 59602<br>P: 406-442-9759<br>F: 877-654-9469 | Trade Debt | | $306,158 |
| Kalkaska Screw<br>Ted Sterwart<br>775 Rabourn Rd NE<br>Kalkaska, MI  49646-8959<br>P: 231-258-2560<br>F: 231-258-5215 | Trade Debt | | $255,435 |

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Severstal Sparrows Point LLC<br>Dan Santelli<br>5111 Sparrows Point Blvd<br>Sparrows Point, MD 21219<br>P: 410-388-3000<br>F: 410-388-6238 | Trade Debt | | $240,099 |
| J&S Precision Products Company<br>Steve Jansen<br>16 Evesboro Rd<br>Medford, NJ 08055<br>P: 609-654-0900<br>F: 609-654-7098 | Trade Debt | | $239,664 |
| Squibb Taylor Inc.<br>Bill Sands<br>10480 Shady Trail #106<br>Dallas, TX 75220<br>P: 800-345-8105<br>F: 214-357-4591 | Trade Debt | | $198,817 |
| Ecorse Machine<br>Ivan Doverspike<br>75 Southfield Rd.<br>Ecorse, MI 48229<br>P: 313-383-2100<br>F: 313-381-4464 | Trade Debt | | $193,722 |
| Leonard Levine Metals<br>Mark Levine<br>1910 1st St Ste 404<br>Highland Park, IL 60035<br>P: 847-681-0100<br>F: 847-681-0101 | Trade Debt | | $172,822 |
| Capitol Manufacturing<br>Arnold Loch<br>1125 Capitol Road<br>Crowley, LA 70526<br>P: 800-848-1100<br>F: 337-783-5360 | Trade Debt | | $172,329 |

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Franklin Traffic Service Inc.<br>Jim Knox -President<br>5251 Shawnee Road<br>Sanborn, NY<br>P: 716-731-3131<br>F: 716-731-2705 | Trade Debt | | $165,097 |
| Vollrath Co. Inc.<br>Tom Potts<br>1236 N. 18th Street<br>Sheboygan, WI 53082-0611<br>P: 920-457-4851<br>F: 920-459-5306 | Trade Debt | | $159,982 |
| S & B Machine Co Inc.<br>James Stadt<br>820 Blackburn Drive<br>Mobile, AL 36608<br>P: 251-633-4443<br>F: 251-633-4454 | Trade Debt | | $155,927 |
| Spaulding Composites Inc.<br>Rob Brockway<br>55 Nadeau Drive<br>Rochester, NH  03867<br>P: 603-332-0555<br>F: 603-333-5357 | Trade Debt | | $125,758 |
| Arcelor Mittal<br>Brian Flick<br>215 S. Front Street<br>Steelton, PA 17113<br>P: 717-986-2543<br>F: 717-986-2700 | Trade Debt | | $104,879 |
| Thomas & Betts Corp.<br>John Tallas<br>8155 T&B Boulevard<br>Memphis, TN  38125<br>P: 901-252.8000<br>F: 901-252-1354 | Trade Debt | | $98,450 |

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Kylynn Inc.<br>Tom Dussel<br>1623 County Road 37<br>Fremont, OH 43420<br>P: 419-355-0311<br>F: 419-355-0311 | Trade Debt | | $97,430 |
| Polycel Structural Foam Inc.<br>Richard Theurer<br>68 County Line Rd<br>Branchburg, NJ 08876<br>P: 908-722-5254<br>F: 908-722-7457 | Trade Debt | | $95,066 |
| Pacer Digital Systems Inc.<br>Kevin Oeff<br>8658 Castle Park Dr. #103<br>Indianapolis, IN 46256<br>P: 317-849-7887<br>F: 317-849-3859 | Trade Debt | | $91,238 |
| Sherwin William Co.<br>Tony Vacchanio<br>395 Osage St<br>Maumee, OH 43537<br>P: 419-893-5755<br>F: 419-893-4733 | Trade Debt | | $89,809 |
| Great Lakes Paint & Chemical<br>Scott Hall<br>8285 Belle Vernon Dr<br>Novelty, OH 44072<br>P: 440-338-8074<br>F: 440-338-8075 | Trade Debt | | $89,429 |
| Lincoln Electric<br>Tony Noah<br>Salt Lake City District<br>7007 High Tech Dr<br>Midvale, UT 84047<br>P: 801-233-9353<br>F: 801-233-9356 | Trade Debt | | $88,536 |

| Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|
| Supreme-Lake<br>Tony Fazzone<br>455 Atwater St<br>PO Box 19<br>Plantsville, CT 06479<br>P: 860-621-8911<br>F: 860-628-9746 | Trade Debt | | $87,206 |
| Kohler Machine Prod<br>Sam Bonetto<br>151 Michigan St<br>Lockport, NY 14094<br>P: 716-434-5541<br>F: 716-434-5543 | Trade Debt | | $86,706 |
| Comdata Network, Inc.<br>Mike Henricks<br>5301 Maryland Way<br>Brentwood, TN 37027<br>P: 615-370-7000<br>F: 615-370-7614 | Trade Debt | | $83,425 |
| Crown Equipment Corporation<br>LuAnn Nester<br>1321 N Illinois Ave<br>P.O. Box 244<br>Connersville, IN 47331<br>P: 765-825-3100<br>F: 765-825-1176 | Trade Debt | | $80,964 |
| Old Bridge Chemicals, Inc.<br>Bruce Bzura<br>Old Waterworks Road<br>Old Bridge, NJ 08857<br>P: 800-275-3924<br>F: 732-727-2653 | Trade Debt | | $80,623 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR-WHARTON<br>INTERNATIONAL LLC[1], et al., | Case No. 09-_____ (____)<br>(Joint Administration Pending) |
| Debtors. | |

### DECLARATION CONCERNING CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, Leonard H. York, Chief Financial Officer of Taylor-Wharton International LLC declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Consolidated List of Creditors Holding 30 Largest Unsecured Claims submitted herewith and the information contained therein is true and correct to the best of my knowledge, information and belief.

Dated: November 18, 2009

_____
Leonard H. York
Chief Financial Officer

---

1    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Taylor-Wharton International LLC (1577); TWI-Holding LLC (8154); Taylor-Wharton Intermediate Holdings LLC (6890); Alpha One Inc. (1392); Beta Two Inc. (1408); Gamma Three Inc. (1367); Delta Four Inc. (1320); Epsilon Five Inc. (1344); TW Cryogenics LLC (1713); TW Cylinders LLC (1665); Sherwood Valve LLC (1781); American Welding & Tank LLC (1945); and TW Express LLC (6414).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR-WHARTON<br>INTERNATIONAL LLC[1], et al., | Case No. 09-_____ (____)<br>(Joint Administration Pending) |
| Debtors. | |

## CERTIFICATION OF CONSOLIDATED LIST OF CREDITORS

The consolidated list of creditors being filed in electronic format contemporaneously with the foregoing petition (the "Creditor List") constitutes a full and complete list of the name and address of each creditor. This list is being filed pursuant to 11 U.S.C. § 521, Rules 1007 and 1008 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The above-above captioned debtors (the "Debtors") reserve the right to file an amended or supplemental list of creditors. The Creditor List is based upon the internal bookkeeping records of the Debtors and is accurate to the best of the undersigned's knowledge, information and belief, subject to further review.

I, Leonard H. York, Chief Financial Officer of Taylor-Wharton International LLC, an entity named as a Debtor in these cases, declare under penalty of perjury that I have read the Creditor List and it is true and correct to the best of my knowledge, information and belief.

Dated: November 18, 2009

_____
Leonard H. York
Chief Financial Officer

---

1    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Taylor-Wharton International LLC (1577); TWI-Holding LLC (8154); Taylor-Wharton Intermediate Holdings LLC (6890); Alpha One Inc. (1392); Beta Two Inc. (1408); Gamma Three Inc. (1367); Delta Four Inc. (1320); Epsilon Five Inc. (1344); TW Cryogenics LLC (1713); TW Cylinders LLC (1665); Sherwood Valve LLC (1781); American Welding & Tank LLC (1945); and TW Express LLC (6414).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TAYLOR-WHARTON<br>INTERNATIONAL LLC[1], et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-_____ (____)<br>(Joint Administration Pending) |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and to enable the Judges to evaluate possible disqualification or recusal, on behalf of Taylor-Wharton International LLC and each of its affiliated debtors and debtors in possession (collectively, the "Debtors"), the undersigned certifies that the direct or indirect ownership of 10% or more of any class of equity interests of any of the Debtors is as described on the chart attached hereto as "Exhibit A."

Dated: November 18, 2009

_____
Leonard H. York
Chief Financial Officer

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Taylor-Wharton International LLC (1577); TWI-Holding LLC (8154); Taylor-Wharton Intermediate Holdings LLC (6890); Alpha One Inc. (1392); Beta Two Inc. (1408); Gamma Three Inc. (1367); Delta Four Inc. (1320); Epsilon Five Inc. (1344); TW Cryogenics LLC (1713); TW Cylinders LLC (1665); Sherwood Valve LLC (1781); American Welding & Tank LLC (1945); and TW Express LLC (6414).

<u>EXHIBIT A TO CORPORATE OWNERSHIP STATEMENT</u>

| | Filing Entity | Corporate Ownership |
|---|---|---|
| 1 | TWI-Holding, LLC | Debtor TWI-Holdings, LLC's sole 10% or greater owner is Wind Point Partner VI |
| 2 | Alpha One, Inc. | • Debtors Alpha One, Inc., Beta Two, Inc., Gamma Three, Inc., Delta Four, Inc., and Epsilon Five Inc, are 100% owned by Debtor TWI-Holdings, LLC |
| 3 | Beta Two, Inc. | |
| 4 | Gamma Three, Inc. | • Debtor TWI-Holdings, LLC's sole 10% or greater owner is Wind Point Partner VI |
| 5 | Delta Four, Inc. | |
| 6 | Epsilon Five, Inc. | |
| 7 | Taylor-Wharton Intermediate Holdings, LLC | • Debtor Taylor-Wharton Intermediate Holdings, LLC is 100% owned by the following Debtors as allocated:<br> o 23.54% - Alpha One, Inc.<br> o 10.09% - Beta Two, Inc.<br> o 12.75% - Gamma Three, Inc.<br> o 14.89% - Delta Four, Inc.<br> o 38.75% - Epsilon Five, Inc.<br>• Debtors Alpha One, Inc., Beta Two, Inc., Gamma Three, Inc., Delta Four, Inc., and Epsilon Five Inc, are 100% owned by Debtor TWI-Holdings, LLC<br>• Debtor TWI-Holdings, LLC's sole 10% or greater owner is Wind Point Partner VI |
| 8 | Taylor-Wharton International, LLC | • Debtor Taylor-Wharton International LLC 100% owner is Debtor Taylor-Wharton Intermediate Holdings, LLC<br>• Debtor Taylor-Wharton Intermediate Holdings, LLC is 100% owned by the following Debtors as allocated:<br> o 23.54% - Alpha One, Inc.<br> o 10.09% - Beta Two, Inc.<br> o 12.75% - Gamma Three, Inc.<br> o 14.89% - Delta Four, Inc.<br> o 38.75% - Epsilon Five, Inc.<br>• Debtors Alpha One, Inc., Beta Two, Inc., Gamma Three, Inc., Delta Four, Inc., and Epsilon Five Inc, are 100% owned by Debtor TWI-Holdings, LLC<br>• Debtor TWI-Holdings, LLC's sole 10% or greater owner is Wind Point Partner VI |
| 9 | TW Express, LLC | • The 100% owner of Debtors TW Express, LLC, TW Cylinders, LLC, TW Cryogenics, LLC, American Welding & Tank, LLC and Sherwood Valve, LLC is Debtor Taylor-Wharton International, LLC |
| 10 | TW Cylinders, LLC | |
| 11 | TW Cryogenics, LLC | |
| 12 | American Welding & Tank, LLC | • Debtor Taylor-Wharton International LLC 100% owner is Debtor Taylor-Wharton Intermediate Holdings, LLC |
| 13 | Sherwood Valve, LLC | • Debtor Taylor-Wharton Intermediate Holdings, LLC is 100% owned by the following Debtors as allocated:<br> o 23.54% - Alpha One, Inc.<br> o 10.09% - Beta Two, Inc.<br> o 12.75% - Gamma Three, Inc.<br> o 14.89% - Delta Four, Inc.<br> o 38.75% - Epsilon Five, Inc.<br>• Debtors Alpha One, Inc., Beta Two, Inc., Gamma Three, Inc., Delta Four, Inc., and Epsilon Five Inc, are 100% owned by Debtor TWI-Holdings, LLC<br>• Debtor TWI-Holdings, LLC's sole 10% or greater owner is Wind Point Partner VI |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR-WHARTON<br>INTERNATIONAL LLC[1], et al., | Case No. 09-_____ (____)<br>(Joint Administration Pending) |
| Debtors. | |

## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

I, the undersigned authorized officer of Taylor-Wharton International LLC and each of its affiliated debtors and debtors in possession, declare under penalty of perjury that I have reviewed the Corporate Ownership Statement and the chart attached thereto as Exhibit A submitted herewith and that each is true and correct to the best of my information and belief.

Dated:  November 18, 2009

Leonard H. York
Chief Financial Officer

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Taylor-Wharton International LLC (1577); TWI-Holding LLC (8154); Taylor-Wharton Intermediate Holdings LLC (6890); Alpha One Inc. (1392); Beta Two Inc. (1408); Gamma Three Inc. (1367); Delta Four Inc. (1320); Epsilon Five Inc. (1344); TW Cryogenics LLC (1713); TW Cylinders LLC (1665); Sherwood Valve LLC (1781); American Welding & Tank LLC (1945); and TW Express LLC (6414).

## RESOLUTIONS OF THE
## BOARDS OF MANAGERS OF
## TWI-HOLDING, LLC AND
## TAYLOR-WHARTON INTERNATIONAL, LLC

As of this 13th day of November, 2009, the undersigned, being all of the members of the boards of managers (the "Boards") of TWI-Holding, LLC a Delaware limited liability company and Taylor-Wharton International, LLC, a Delaware limited liability company (together, the "Companies"), hereby take the following actions and adopt the following resolutions by signing their written consents hereto:

WHEREAS, the Boards have reviewed and considered the financial and operational condition of the Companies and the Companies' business on the date hereof, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies and credit market conditions; and

WHEREAS, the Boards have had the opportunity to consult with the management and the financial and legal advisors to the Companies and fully consider each of the strategic alternatives available to the Companies.

NOW, THEREFORE, BE IT:

I.      **Voluntary Petition under the Provisions of Chapter 11 of the United States Bankruptcy Code**

RESOLVED, that, in the judgment of the Boards, it is desirable and in the best interests of the Companies, its creditors, interest holders and other interested parties, that a voluntary petition (the "Petition") be filed by the Companies under the provisions of Title 11 of the United States Code (the "Bankruptcy Code"); and it is further

RESOLVED, that the Companies shall execute and file all petitions, schedules, lists and other papers or documents, and shall take any and all actions that are reasonable, advisable, expedient, convenient, necessary or proper to obtain such relief under the Bankruptcy Code; and it is further

RESOLVED, that any officer or director of each of the Companies be (collectively, the "Authorized Officers"), and hereby is, authorized, directed and empowered, on behalf of and in the name of the respective Companies: (i) to execute and file the Petition, as well as all other ancillary documents, in the United States Bankruptcy Court for the District of Delaware, and (ii) to execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Reed Smith LLP ("Reed Smith") as general bankruptcy counsel to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including the preparation of pleadings and filings in the bankruptcy case commenced by the

Companies; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Reed Smith; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal Securities, LLC ("A&M") as financial advisor to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of A&M; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of The Boathouse Group, LLC ("Boathouse") as bankruptcy consultant to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Boathouse; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of The Garden City Group, Inc. ("Garden City") as notice, claims and balloting agent to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Garden City; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Sitrick and Company ("Sitrick") as public relations consultant to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Sitrick; and it is further

**RESOLVED,** that Authorized Officers be, and hereby are, authorized and directed to employ any other individual or firm as professionals or consultants of financial advisors to the Companies as are deemed necessary to represent and assist the Companies in carrying out its duties under Title 11 of the Bankruptcy Code, and in this Chapter 11 bankruptcy case, and in connection therewith, the officers and directors of the Companies are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior

to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

## II.    Debtor-in-Possession Financing

**RESOLVED,** that the form, terms and provisions of (i) a Senior Secured Priming and Superpriority Debtor-in-Possession Revolving Credit Agreement (the "DIP Loan Agreement"), to be entered into by the borrowers party thereto (collectively, the "Borrowers"), General Electric Capital Corporation, as administrative agent (the "DIP Agent"), and each of the other financial institutions from time to time party thereto (together with DIP Agent, collectively, the "DIP Lenders") and (ii) the notes, subordination agreement, guaranty and security agreement, mortgages, control agreements, pledge agreements, patent and trademark security agreements, lease assignments, guarantees and other similar agreements and each other document, instrument, certificate, notice or agreement to be executed and delivered by the Companies, the Borrowers and certain affiliates of the Borrowers and the Companies in connection with the DIP Loan Agreement, including, but not limited to, any fee letter, (together with the DIP Loan Agreement, collectively, the "DIP Loan Documents") which DIP Loan Documents (a) provide the Borrowers with a revolving loan commitment in an amount not to exceed $20,000,000 on a secured super-priority priming lien basis, (b) require all of the Borrowers' obligations therein to be guaranteed by the Companies and other various affiliates of the Companies and the Borrowers and (c) provide for the proceeds therefrom to be used to pay costs and expenses related to the DIP Loan Agreement and various related transactions thereto and for working capital and for other general corporate purposes of the Borrowers, including postpetition operating expenses of administration of the Borrowers' Chapter 11 Cases, in substantially the form submitted to the Boards, be, and the same hereby are in all respects approved, and any Authorized Officer is hereby authorized and empowered, in the name of and on behalf of each of the Companies, to execute and deliver each of the DIP Loan Documents to which the respective Companies are a party, each in the form or substantially in the form thereof submitted to the Boards, with such changes, additions and modifications thereto as approved by an Authorized Officer, such approval to be conclusively evidenced by the execution and delivery thereof by an Authorized Officer; and it is further

**RESOLVED,** that the Companies, as debtors and debtors in possession under the Bankruptcy Code shall be, and hereby is, authorized to incur the Guaranteed Obligations (as defined in the Amended and Restated Guaranty and Security Agreement executed in conjunction with the DIP Loan Agreement) and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and it is further

**RESOLVED,** that each Authorized Officer be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Companies to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Companies or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Companies now or hereafter acquired as contemplated by

the DIP Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Companies, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing Resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems in necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and it is further

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, each of the Companies, as debtor and debtor in possession, to take such actions and execute and deliver (a) the DIP Loan Documents; (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Companies that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies, such other filings in respect of intellectual and other property of the Companies with the United States Patent and Trademark Office and the United States Copyright Office, among others, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Loan Documents; and it is further

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Loan Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Companies' obligations under or in connection with the DIP Loan Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents which shall in their sole judgment be necessary, proper or advisable; and it is further

RESOLVED, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents be, and hereby are, in all respects confirmed, approved and ratified; and it is further

### III.    Further Actions and Prior Actions

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Officers be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, each of the respective the Companies, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of these resolutions; and it is finally

**RESOLVED,** that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

[Remainder of Page Intentionally Left Blank]

IN WITNESS WHEREOF, these resolutions are adopted as of the date first set forth above by all of the members of each of the Boards for the respective Companies. This Consent may be executed and delivered in multiple counterparts, which, when taken together, will constitute one instrument.

_____
Nathan A. Brown

_____
Bill Corbin

_____
Richard R. Kracum

_____
Sam Licavoli

**IN WITNESS WHEREOF,** these resolutions are adopted as of the date first set forth above by all of the members of each of the Boards for the respective Companies. This Consent may be executed and delivered in multiple counterparts, which, when taken together, will constitute one instrument.

_____
Nathan A. Brown

_____
Bill Corbin

_____
Richard R. Kracum

_____
Sam Licavoli