## Exhibit A

[Proposed Order]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>TAYLOR-WHARTON<br>INTERNATIONAL LLC[1], et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-14089 (BLS)<br>(Joint Administration Pending)<br><br>Re: Docket No.: __ |

**ORDER APPROVING THE RETENTION OF ALVAREZ &
MARSAL SECURITIES, LLC AS FINANCIAL ADVISOR TO
THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of the "Bankruptcy Code, for entry of an order authorizing the retention of Alvarez & Marsal Securities, LLC ("A&M") *nunc pro tunc* to the Petition Date pursuant to the terms of that certain engagement letter dated January 10, 2009 between A&M and the Debtors attached to the Application as Exhibit C (the "Engagement Letter"); upon the Declaration of George Varughese, Managing Director of A&M, in support of the Application; and upon the Declaration of Leonard York in Support of Debtors' Chapter 11 Petitions and First Day Motions filed on the Petition Date; the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; adequate notice of and a hearing on

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Taylor-Wharton International LLC (1577); TWI-Holding LLC (8154); Taylor-Wharton Intermediate Holdings LLC (6890); Alpha One Inc. (1392); Beta Two Inc. (1408); Gamma Three Inc. (1367); Delta Four Inc. (1320); Epsilon Five Inc. (1344); TW Cryogenics LLC (1713); TW Cylinders LLC (1665); Sherwood Valve LLC (1781); (1890); American Welding & Tank LLC (1945); and TW Express LLC (6414).
[2] Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Application.

1

the Application having been provided; it appearing that no other or further notice need be provided; and it appearing that A&M neither holds nor represents any interest adverse to the Debtors' estates, other than as may have been disclosed in the Varughese Declaration; it appearing that A&M is "disinterested," as that term is defined in section 101(14) of the Bankruptcy Code; the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest; the Court being satisfied that the Fee Structure sought by A&M (*i.e.*, the Monthly Fee and the Restructuring Transaction Success Fee, each as described in the Engagement Letter) and the indemnification provisions provided for in the Engagement Letter are reasonable; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED that:

1. The Application is hereby granted.

2. The Debtors are authorized, effective *nunc pro tunc* to the Petition Date, to employ and retain A&M according to the terms set forth in the Engagement Letter in accordance with sections 327 and 328(a) of the Bankruptcy Code.

3. A&M shall apply for compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court; provided however, that all such fees and expenses shall be subject to approval by the Court only in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review set forth in section 330 of the Bankruptcy Code.

4. Notwithstanding anything to the contrary in paragraph three of this Order, Local Rule 2016-2 shall be deemed waived to the extent necessary to allow A&M to submit billing

records in a summary format which sets forth only a general description of the services rendered by A&M.

5. All requests of A&M for indemnification pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that such indemnification conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, <u>provided</u>, <u>however</u>, that in no event shall A&M be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

6. In no event shall A&M be indemnified if a Debtor or a representative of a Debtors' estate asserts a claim for, and this Court determines by final order that such claim arose out of, A&M's own bad-faith self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

7. In the event that A&M seeks reimbursement for attorneys' fees relating to a request for indemnification from the Debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in A&M's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8. To the extent this Order is inconsistent with either the Application or the Engagement Letter, the terms of this Order shall govern.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

10. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009  Entered: _____
Wilmington, Delaware                      United States Bankruptcy Judge