ORIGINAL

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TAYLOR-WHARTON<br>INTERNATIONAL LLC[1], et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-14089 (BLS)<br>Jointly Administered<br><br>RE: Docket Item No. 79 |

**ORDER (I) APPROVING THE DEBTORS' JOINT DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THEIR JOINT PLAN OF REORGANIZATION, INCLUDING: (A) APPROVING THE FORM AND MANNER OF DISTRIBUTION OF SOLICITATION PACKAGES, (B) APPROVING THE FORM AND MANNER OF NOTICE OF THE CONFIRMATION HEARING, (C) ESTABLISHING A RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES, (D) APPROVING FORMS OF BALLOTS, (E) ESTABLISHING THE DEADLINE FOR RECEIPT OF BALLOTS, AND (F) APPROVING THE PROCEDURES FOR VOTE TABULATIONS; (III) ESTABLISHING THE DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO: (A) CONFIRMATION OF THE PLAN, AND (B) PROPOSED CURE AMOUNTS RELATED TO CONTRACTS AND LEASES ASSUMED UNDER THE PLAN; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of Taylor-Wharton International LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 1125 and 1126 of the Bankruptcy Code,[2] Bankruptcy Rules 2002, 3016, 3017, and 3020 and Local Rules 3017-1(a) and 3017-1(b), for entry of an order (i) approving the Disclosure Statement; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Taylor-Wharton International LLC (1577); TWI-Holding LLC (8154); Taylor-Wharton Intermediate Holdings LLC (6890); Alpha One Inc. (1392); Beta Two Inc. (1408); Gamma Three Inc. (1367); Delta Four Inc. (1320); Epsilon Five Inc. (1344); TW Cryogenics LLC (1713); TW Cylinders LLC (1665); Sherwood Valve LLC (1781); American Welding & Tank LLC (1945); and TW Express LLC (6414). Each of the Debtors has a principal place of business at 4817 Old Gettysburg Road, Mechanicsburg, Pennsylvania 17055.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

their Joint Plan of Reorganization (the "Plan"), including: (a) approving the form and manner of distribution of the solicitation packages, (b) approving the form and manner of notice of the Confirmation Hearing, (c) establishing a record date and approving procedures for distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to: (a) confirmation of the Plan and (b) proposed cure amounts for executory contracts and unexpired leases that may be assumed as part of the Plan; (iv) granting related relief, all as set forth in the Motion; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.

2. The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the

information contained in the Disclosure Statement not otherwise consensually resolved are overruled.

3. The Debtors shall mail or caused to be mailed to holders of Claims entitled to vote on the Plan no later than **January 11, 2010**, a solicitation package containing: (a) written notice (the "Confirmation Hearing Notice"), substantially in the form annexed to the Motion as Exhibit B, of (i) the Court's approval of the Disclosure Statement, (ii) the deadline for voting on the Plan, (iii) the date of the Confirmation Hearing, and (iv) the deadline and procedures for filing objections to confirmation of the Plan, which Confirmation Hearing Notice is approved; (b) the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (c) the Disclosure Statement, substantially in the form approved by the Court (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (d) the appropriate ballots (substantially in the forms annexed to the Motion as Exhibits C-1 - C-4) and ballot return envelope; and (e) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Debtors shall send to each impaired creditor entitled to vote on the Subplans (a) only the Solicitation Package appropriate for the class applicable to such creditor, and (b) only one Solicitation Package even if such creditor has Claims against more than one of the Debtors. The Solicitation Package and the manner of service of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).

4. The Debtors shall mail or cause to be mailed to each of the known counterparties to the Contracts and Leases a Confirmation Hearing Notice and the Disclosure Statement and Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion).

5. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties. On or before **January 11, 2010**, the Debtors

shall mail or cause to be mailed to each Non-Voting Party the Non-Voting Holder Notice substantially in the form annexed to the Motion as Exhibit D.

6. The Debtors shall publish notice (the "Publication Notice"), substantially in the form annexed to the Motion as Exhibit E, in the national edition of the Wall Street Journal and regional newspapers covering the geographical areas in and around Theodore, AL; Jesup, GA; Washington, PA; Niagara Falls, NY; Cleveland, OH; Fremont, OH; Crossville, TN; West Jordan, UT; Harrisburg, PA; and Huntsville, AL within 10 days after the entry of this Order.

7. **December 31, 2009** is established as the record date (the "Record Date") for the purposes of determining the creditors and interest holders entitled to receive the Solicitation Package or the Non-Voting Holder Notice, as applicable.

8. The Garden City Group, Inc. ("GCG" or the "Balloting Agent") shall tabulate the ballots and certify to the Court the results of the balloting.

9. The Debtors are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Holder Notices to addresses and entities to which the notice of the Disclosure Statement Hearing was returned by the United States Postal Service as undeliverable, unless the Debtors are provided with an accurate address.

10. The Ballots, substantially in the form annexed to the Motion as Exhibits C-1, C-2, C-3, and C-4, are hereby approved.

11. All Ballots must be properly executed, completed and delivered to the Balloting Agent at (A) The Garden City Group, Inc., Attn: Taylor-Wharton Balloting Agent, P.O. Box 9527, Dublin, OH 43017-4827, if by first class mail, or (B) The Garden City Group, Inc., Attn: Taylor-Wharton Balloting Agent, 5151 Blazer Parkway, Suite A, Dublin, OH 43017, if by overnight mail or hand-delivery, so that the Ballots are received on or before **February 8, 2010**

at **5:00 p.m. (Eastern)** (the "Voting Deadline"), unless extended by the Debtors. Ballots cast by facsimile, email, or other electronic transmission will not be counted unless approved in advance by the Debtors in writing.

12. For purposes of voting on the Plan, the amount of a claim held by a creditor shall be determined pursuant to the following guidelines:

(a) The claim listed in a Debtor's schedule of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined, or disputed, and (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

(b) The noncontingent and liquidated amount specified in a Proof of Claim timely filed with the Court or GCG (or otherwise deemed timely filed by the Court under applicable law) to the extent the Proof of Claim has not been superseded or amended by another Proof of Claim, and is not the subject of an objection, either generally to the applicable claim or solely for purposes of determining the amount of the applicable claim for voting purposes, filed no later than **February 10, 2010** (the "Vote Objection Deadline") (or, if such claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

(c) The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided, and a hearing is held at or prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

(d) Except as otherwise provided in subsection (c) hereof, with respect to a ballot cast by an alleged creditor whose claim (i) is not listed on a Debtor's schedule of liabilities, or (ii) is listed as disputed, contingent, and/or unliquidated on a Debtor's schedule of liabilities, but who has timely filed a Proof of Claim in an unliquidated or unknown amount that is not the subject of an objection filed before the Vote Objection Deadline, such ballot shall be counted as a vote in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met solely with respect to Classes 6(a)-(c) and 8(a)-(c) of the Plan, but shall not be counted in determining whether the aggregate claim amount requirement has been met.

(e) (f) If a creditor elects to complete Item 1 on the ballot, which allows a single vote for all claims held by such creditor in the applicable Classes, such vote shall be counted separately for numerosity purposes in each

Class in which the creditor is entitled to vote and, with respect to each such Class, in the full amount of the claim in such Class, except as provided in (e) above.

13. Creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) must file and serve notice of hearing on a motion (the "Claims Estimation Motion") for such relief no later than **January 25, 2010**. The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing. If a creditor casts a ballot and has timely filed a Proof of Claim (or has otherwise had a Proof of Claim deemed timely filed by the Court under applicable law), but the creditor's claim is the subject of an objection (either generally to the applicable claim, or solely for purposes of determining the amount of the applicable claim for voting purposes) filed no later than the Vote Objection Deadline, the creditor's ballot shall not be counted, unless such claim is temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after a Claims Estimation Motion is brought by such creditor, notice is provided, and a hearing is held at or prior to the Confirmation Hearing. Notwithstanding the foregoing, if an objector to a claim requests that such claim be reclassified and/or allowed in a fixed, reduced amount, such claimant's ballot shall, to the extent either mutually acceptable to the claimant, objector and Debtors or as ordered by the Bankruptcy Court after notice and hearing, be counted in such reduced amount and/or under the reclassified category.

14. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

> (a) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated and treated as if such creditor held one claim in such class, and the vote related to such claim will be treated as a single vote to accept or reject the Plan.

(b) Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot that partially rejects and partially accepts the Plan *shall not be counted.*

(c) Ballots that indicate both acceptance and rejection of the Plan *shall not be counted* as votes to accept or reject the Plan.

(d) Ballots that fail to indicate an acceptance or rejection of the Plan *shall not be counted* as votes to accept or reject the Plan.

(e) Ballots that indicate an acceptance or rejection of the Plan and which are otherwise properly executed and received prior to the Voting Deadline, *shall be counted* as votes to accept or reject the Plan.

(f) Only ballots that are timely received prior to the Voting Deadline and that are properly executed will be counted.

(g) Unsigned ballots *shall not be counted.*

(h) Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, *shall not be counted.*

(i) Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, *shall not be counted.*

(j) Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior ballots.

(k) If a creditor simultaneously casts inconsistent duplicate ballots, with respect to the same claim, such ballots *shall not be counted.*

(l) Each creditor shall be deemed to have voted the full amount of its claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Balloting Agent and the Debtors, which determination shall be final and binding.

(m) Any creditor may vote to accept or reject all of the Classes applicable to it by completing Item 1 on the ballot, which allows a single vote for all claims held by such creditor.

15. Any objection, comment, or response to confirmation of the Plan (including any supporting memoranda) must be in writing, served on the parties identified below, and filed with

the Court, together with proof of service, such that the foregoing are received by such parties and the Court on or before **February 8, 2010 at 4:00 p.m. (Eastern)** (the "Confirmation Objection Deadline"). The Court shall consider only written objections that are timely filed and served by the Confirmation Objection Deadline. All objections not timely filed and served in accordance with the provisions of this Motion are hereby deemed waived. Objections to confirmation of the Plan should provide proposed language to remedy such objections and shall be served on the following parties:

> ***The Debtors***: Taylor-Wharton International LLC and affiliated debtors, 4817 Old Gettysburg Road, Mechanicsburg, PA, 17055 (Attn: Leonard York);
>
> ***Counsel for the Debtors:*** Reed Smith LLP, 1201 N. Market Street, Suite 1500, Wilmington, DE, 19801 (Attn: Mark W. Eckard);
>
> ***Counsel for the Debtors' Postpetition Secured Financing Lenders and Prepetition First Lien Secured Lenders:*** Latham & Watkins, 233 South Wacker Drive, Suite 5800, Chicago IL 60606 (Attn: Richard Levy);
>
> ***Counsel for the Debtors' Prepetition Second Lien Noteholders:*** Proskauer Rose LLP, One International Place, Boston, MA 02110 (Attn: Stephen Boyko); and
>
> ***Office of the United States Trustee***: 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Mark Kenney).

16. Any party supporting the Plan shall be afforded an opportunity to file a response to any objection to confirmation of the Plan, prior to the Confirmation Hearing.

17. A hearing shall be held before this Court on **February 16, 2010 at 10:00 a.m. (Eastern)**, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 6th Floor, Wilmington, Delaware 19801, or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "Confirmation Hearing").

18. The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties in interest other than an announcement of the adjourned date at the Confirmation Hearing.

19. The following procedures are approved for establishing the Cure Amounts for the executory contracts and leases to be assumed pursuant to the Plan:

    (a)    the Debtors will cause the Notice of (i) Possible Assumption of Contracts and Leases, (ii) Fixing of Cure Amounts, and (iii) Deadline to Object Thereto (the "Cure Notice"), in a form substantially similar to the notice annexed hereto as Exhibit F, to be served on the non-debtor parties to all Assumed Contracts and Leases by **January 25, 2010**. Among other things, the Cure Notice shall set forth the Cure Amount that the Debtors believe must be paid in order to cure all monetary defaults under each of the Assumed Contracts and Leases;[3]

    (b)    the non-debtor parties to the Assumed Contracts and Leases shall have until the Confirmation Objection Deadline, which deadline may be extended in the sole discretion of the Debtors, to object (a "Cure Objection") to the (i) Cure Amounts listed by the Debtors and to propose alternative cure amounts, and/or (ii) proposed assumption of the Assumed Contracts and Leases under the Plan; *provided, however,* that if, subsequent to **January 25, 2010**, the Debtors amend the list of the Assumed Contracts and Leases to add a contract or lease or to reduce the Cure Amount thereof, except where such reduction was based upon the mutual agreement of the parties, the non-debtor party thereto shall have at least seven calendar days after service of such amendment to object thereto or to propose an alternative Cure Amount(s);

    (c)    any party objecting to the Cure Amount(s), whether or not such party previously has filed a Proof of Claim with respect to amounts due under the applicable Assumed Contract or Lease, or objecting to the potential assumption of such Assumed Contract or Lease, shall be required to file and serve a Cure Objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Assumed Contract or Lease and/or any and all objections to the potential assumption of such Assumed Contract or Lease, together with all documentation supporting such cure claim or objection, upon each of the Notice Parties so that the ***Cure Objection is actually received by them no later than the Confirmation Objection Deadline***. If a Cure Objection is timely filed and the parties are unable to settle such Cure Objection, the Court shall determine the amount of any disputed Cure Amount(s) or adjudicate such Cure Objection at a hearing to be held at the time of the Confirmation Hearing or such other hearing date to

---

[3] Receipt of a Cure Notice does not constitute a determination by the Debtors to assume any executory contract or unexpired lease; the Debtors may still decide not to assume any executory contract or unexpired lease through the Plan or otherwise.

- 9 -

US_ACTIVE-102773095.2

which the parties may mutually agree. The Debtors may, in their sole discretion, extend the Confirmation Objection Deadline without further notice, but are not obligated to do so; and

    (d)    in the event that no Cure Objection is timely filed with respect to an Assumed Contract or Lease, the counterparty to such Assumed Contract or Lease shall be deemed to have consented to the assumption of the Assumed Contract or Lease and the Cure Amount proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors. In addition, if no timely Cure Objection is filed with respect to an Assumed Contract or Lease, upon the effective date of the Plan, the Reorganized Debtors and the counterparty to such Assumed Contract or Lease shall enjoy all of the rights and benefits under the Assumed Contract or Lease without the necessity of obtaining any party's written consent to the Debtors' assumption of the Assumed Contract or Lease, and such counterparty shall be deemed to have waived any right to object, consent, condition, or otherwise restrict the Debtors' assumption of the Assumed Contract or Lease.

The inclusion of a Contract or Lease in the Cure Notice is without prejudice to the Debtors' right to modify their election to assume or to reject such Contract or Lease prior to the entry of a final, non-appealable order (which order may be the order confirming the Plan) deeming any such Contract or Lease assumed or rejected, and inclusion in the Cure Notice is *not* a final determination that any Contract or Lease will, in fact, be assumed.

20.    Prior to mailing the Disclosure Statement, Solicitation Packages, Non-Voting Holder Notices, or the Cure Notice, the Debtors may fill in any missing dates and other information, correct any typographical errors, and make such other non-material, non-substantive changes as they deem appropriate.

21.    GCG is authorized, but not directed, to contact creditors who have submitted invalid Ballots in order to correct the defect in such creditor's Ballot.

22.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

US_ACTIVE-102773095.2

23. The Court shall retain jurisdiction with respect to all matters arising under or relating to the implementation and enforcement of this Order.

Dated: January 11, 2010
Wilmington, Delaware

_____
BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE