IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TAYLOR-WHARTON INTERNATIONAL LLC[1], et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 09-14089 (BLS) <br> Jointly Administered <br><br> Hearing Date: April 14, 2010 at 11:00 a.m. <br> Objection Deadline: April 7, 2010 at 4:00 p.m. |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 1121(d) FOR AN ORDER EXTENDING EXCLUSIVE PERIODS DURING WHICH DEBTORS HAVE THE EXCLUSIVE RIGHT TO FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully move this Court for entry of an order under section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") extending the period during which the Debtors have the exclusive right to file a Chapter 11 plan and solicit acceptances to any such plan (this "Motion"). In support of this Motion, the Debtors respectfully state as follows:

**I.    JURISDICTION AND VENUE**

1.  This Court has jurisdiction to hear the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding with the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue of the above-captioned bankruptcy cases (these "Cases") and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Taylor-Wharton International LLC (1577); TWI-Holding LLC (8154); Taylor-Wharton Intermediate Holdings LLC (6890); Alpha One Inc. (1392); Beta Two Inc. (1408); Gamma Three Inc. (1367); Delta Four Inc. (1320); Epsilon Five Inc. (1344); TW Cryogenics LLC (1713); TW Cylinders LLC (1665); Sherwood Valve LLC (1781); American Welding & Tank LLC (1945); and TW Express LLC (6414). Each of the Debtors has a principal place of business at 4817 Old Gettysburg Road, Mechanicsburg, Pennsylvania 17055.

3. The statutory predicate for the relief requested herein is Section 1121(d) of the Bankruptcy Code.

## II. FACTUAL BACKGROUND

4. On November 18, 2009 (the "Petition Date"), the Debtors filed Voluntary Petitions for relief under chapter 11 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in these Cases and the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No official committee of unsecured creditors has been appointed in these Cases. Descriptions of the Debtors' businesses, events leading to the Debtors' bankruptcy filings and the Debtors' restructuring plans are set forth in the Declaration of Leonard York in Support of Debtors' Chapter 11 Petitions and First Day Motions [D.I. 16].

## III. RELIEF REQUESTED

5. By this Motion, the Debtors request entry of an order extending the (i) Filing Period (as defined below) through and including July 16, 2010 and (ii) Solicitation Period (as defined below) through and including September 14, 2010, which dates reflect an additional one-hundred twenty (120) day extension of the applicable periods. Currently, the Filing Period is set to expire on March 18, 2010 and the Solicitation Period is set to expire on May 17, 2010.

## IV. BASIS FOR RELIEF REQUESTED

6. Section 1121(b) of the Bankruptcy Code provides the Debtors with the exclusive right to file a chapter 11 plan for an initial period of 120 days from the Petition Date (the "Filing Period"). 11 U.S.C. § 1121. Section 1121(c) of the Bankruptcy Code provides the Debtors with the exclusive right to solicit acceptances with respect to any such plan for an initial period of 180 days from the Petition Date (the "Solicitation Period" and collectively with the Filing Period, the

"Exclusivity Periods"). 11 U.S.C. § 1121(c).

7. During the Exclusivity Periods, no other party in interest may file a competing plan or solicit acceptances to a plan. By this Motion, the Debtors request entry of an order under 11 U.S.C. § 1121(d) further extending the Exclusivity Periods by an additional one-hundred twenty (120) days.

8. Section 1121(d) provides, in pertinent party, as follows:

> . . . on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase [the Exclusivity Periods].

11 U.S.C. § 1121(d); see also Del. Bankr. L.R. 9006-2 ("If a motion to extend the time to take any action is filed before the expiration of the period described by the Code . . . , the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."); In re Nicolet, Inc., 80 B.R. 733, 741 (Bankr. E.D.Pa. 1987) (disagreeing with the proposition that a motion to extend exclusivity must be *granted* prior to the expiration of the exclusive periods and stating "[i]n fact, the statutory requirement is that a *request* for an extension be made within the prevailing exclusivity period, not that the request be *granted* in such a period.") (emphasis in original).

9. The decision to extend a debtor's exclusivity periods for cause is committed to the sound discretion of the bankruptcy court, based on the facts and circumstances of each particular case. First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986); In re Adelphia Communications Corp., 352 B.R. 578, 586, (Bankr. S.D.N.Y. 2006). Because the Bankruptcy Code does not define "cause" for such an extension, courts have looked to the legislative history of Section 1121(d) for guidance. See In re Texaco, Inc., 76 B.R. 322, 326 (S.D.N.Y. 1987); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409

(E.D.N.Y. 1989); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). From the legislative history of Section 1121(d), it is clear that Congress did not intend the Exclusivity Periods to provide an inflexible termination date. Rather, Congress intended that the Exclusivity Periods be of adequate duration, given the circumstances, for the debtor to formulate, negotiate and draft a consensual plan without the dislocation and disruption to its business that would occur with the filing of competing plans. In fact, Congress recognized that a 120-day exclusivity period will, in many cases, not afford a debtor sufficient time to formulate and negotiate a plan.

> The court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. For example, if an unusually large company were to seek reorganization under chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 232 (1977) (footnotes omitted); In re Amko Plastics, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); In re Perkins, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of . . . section 1121(d) is flexibility.").

10. Courts have identified a number of factors to consider when determining whether cause exists to extend the Exclusivity Periods. In particular, courts have identified, among others, the following factors (i) size and complexity of the debtor's case; (ii) existence of good faith progress towards reorganization; (iii) the fact that a debtor is paying its debts as they become due; (iv) if the debtor has demonstrated a reasonable likelihood of filing a viable plan; (v) if the debtor has made progress in negotiating with creditors; and (vi) the length of time the case has been pending. See e.g., In re Adelphia Communications Corporation, 352 B.R. 578 (Bankr. S.D.N.Y. 2006); In re Dow Corning Corporation, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re McLean

Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); In re Perkins, 71 B.R. 294, 297-300 (W.D. Tenn. 1987).

11. The relief requested herein is consistent with the legislative history and case law, and sufficient cause exists to extend the Exclusivity Periods in these Cases. These Cases are large and complex. The Debtors are paying their administrative expenses as they become due. The Debtors have already filed a chapter 11 plan and have solicited acceptances thereof. The Debtors expect that this Court will hold a hearing on April 14, 2010 to consider confirmation of the Debtors' chapter 11 plan. Therefore, in the event that the Court confirms the Debtors' chapter 11 plan, much of the 120-day extension of the Exclusivity Periods will be unnecessary.

12. Based upon the foregoing facts, an extension of the Exclusivity Periods is justified under Section 1121(d) of the Bankruptcy Code and appropriate under the circumstances.

## V. **NOTICE**

13. The Debtors will serve notice of this Motion upon: (i) the Office of the United States Trustee; (ii) all unsecured creditors that appear on the list of the Debtors' 30 largest unsecured creditors; (iii) counsel to the agent for the Debtors' pre-petition and post-petition secured lenders or their counsel; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## VI. **NO PRIOR REQUEST**

14. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) extending the Filing Period through and including July 16, 2010; (ii) extending the Solicitation Period through and including September 14, 2010; and (iii) granting such other and further relief as is just and proper.

Dated: March 16, 2010
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Mark W. Eckard
Mark W. Eckard (No. 4542)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: meckard@reedsmith.com

- and –

J. Andrew Rahl, Jr., Esquire
Mark D. Silverschotz, Esquire
Han J. Ahn, Esquire
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: arahl@reedsmith.com
msilverschotz@reedsmith.com
hahn@reedsmith.com

Counsel for Taylor-Wharton International LLC, *et al.*, Debtors and Debtors-in-Possession