ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TAYLOR-WHARTON<br>INTERNATIONAL LLC[1], et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-14089 (BLS)<br>Jointly Administered |

**ORDER APPROVING MOTION PURSUANT TO 11 U.S.C. §§ 105(A), 363, 365 AND FED. R. BANKR. P. 2002, 6004, 6006 FOR ENTRY OF AN ORDER (A) ESTABLISHING BIDDING AND AUCTION PROCEDURES RELATED TO THE SALE OF THE DEBTORS' CYLINDERS BUSINESS AND RELATED ACQUIRED ASSETS; (B) APPROVING BID PROTECTIONS; (C) SCHEDULING AN AUCTION AND SALE HEARING FOR THE SALE OF THE DEBTORS' ACQUIRED ASSETS; (D) ESTABLISHING CERTAIN NOTICE PROCEDURES FOR DETERMINING CURE AMOUNTS; (E) APPROVING FORM AND MANNER OF NOTICE OF ALL PROCEDURES, PROTECTIONS, SCHEDULES AND AGREEMENTS; AND (F) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), for an order (this "<u>Order</u>") (A) establishing bidding and auction procedures (the "<u>Bidding Procedures</u>") in connection with the sale of the Acquired Assets, free and clear of all claims (as defined in section 101(5) of the Bankruptcy Code) and any other interests, liens, mortgages, pledges, security interests, rights of first refusal, obligations and encumbrances of any kind whatsoever (collectively, the "<u>Interests</u>"), except to the extent identified in a Successful Bidder's Purchase Agreement; (B) approving the proposed bid protections to Norris Cylinder Company ("<u>Purchaser</u>") in accordance with that certain Purchase

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Taylor-Wharton International LLC (1577); TWI-Holding LLC (8154); Taylor-Wharton Intermediate Holdings LLC (6890); Alpha One Inc. (1392); Beta Two Inc. (1408); Gamma Three Inc. (1367); Delta Four Inc. (1320); Epsilon Five Inc. (1344); TW Cryogenics LLC (1713); TW Cylinders LLC (1665); Sherwood Valve LLC (1781); American Welding & Tank LLC (1945); and TW Express LLC (6414). Each of the Debtors has a principal place of business at 4817 Old Gettysburg Road, Mechanicsburg, Pennsylvania 17055.

[2] Capitalized terms not herein defined are defined in the Motion.

Agreement, dated April 30, 2010, (the "Purchase Agreement") for the purchase of the Acquired Assets; (C) scheduling an auction (the "Auction") and setting a date and time for a sale hearing (the "Sale Hearing") for the sale of the Acquired Assets; (D) establishing procedures for noticing and determining cure amounts (the "Assumption and Assignment Procedures"); (E) approving the form and manner of notice of all procedures, protections, schedules and agreements; and (F) granting certain related relief; and the Court having reviewed pleadings filed by counsel to the Debtors, and based on all of the evidence, including any evidence proffered at a hearing regarding the Bidding Procedures (the "Bidding Procedures Hearing"), representations and offers of proof made by counsel, and argument of counsel; and on the entire record of the Bidding Procedures Hearing; and any objections having been filed having been resolved, withdrawn, or overruled, and there appearing good cause therefor:

IT IS HEREBY FOUND AND CONCLUDED, pursuant to Rules 7052 and 9014 of the Bankruptcy Rules, that:

A. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested herein are sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and sections 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C. The Debtor has provided notice of the relief sought with respect to the Bidding Procedures and the other relief requested in the Motion to:

    i) counsel to Purchaser;

    ii) counsel to the Debtors' postpetition lenders;

iii) counsel to the Debtors' prepetition lenders;

iv) any party who, in the past year, expressed in writing to the Debtors an interest in the Assets or the Debtors' other assets;

v) nondebtor parties to the Anticipated Assumed Contracts;

vi) all parties who are known or reasonably believed to have asserted a lien, encumbrance, claim or other interest in the Assets or the Debtors' other assets;

vii) the Internal Revenue Service;

viii) the Department of Treasury for each of the states identified on Schedule 5.3 of the Agreement;

ix) the Environmental Protection Agency;

x) the Department of Environmental Protection for the State of Alabama;

xi) all persons or entities that have requested notice in these Chapter 11 cases under Bankruptcy Rule 2002; and

xii) the United States Trustee.

D. The notice of and opportunity to be heard with respect to the Bidding Procedures was proper, timely, adequate, and sufficient, meets the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, is reasonably calculated to give actual notice of the relief contemplated in the Motion, and is appropriate under the circumstances, and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice.

E. The approval of the Bidding Procedures is in the best interest of the Debtors, their estates, creditors, and other parties-in-interest. The Debtors' determination to propose and to agree to such provisions is within its reasonable business judgment.

F. There is a need to have the auction of the Purchased Assets proceed as rapidly as possible because the Debtors are close to confirmation of a Plan of Reorganization and sale at

this time is necessary so as to take advantage of any tax benefits that may be available to the Debtors and their estates pursuant to Section 1146 of the Bankruptcy Code.

**WHEREUPON, IT IS HEREBY ORDERED THAT:**

### Approval of Bidding Procedures; Notices

1. The relief sought in the Motion concerning the Bidding Procedures is granted. To the extent that there is any conflict between the provisions of this Order and the provisions of the Motion or the Purchase Agreement, the terms of this Order shall control. The Bidding Procedures annexed hereto as <u>Exhibit A</u> shall be, and hereby are, approved. The Notice of Sale, annexed to the Motion as <u>Exhibit D</u>, as such notice may be amended appropriately to conform with the provisions of this Order, shall be, and hereby is, approve.

2. Within two (2) business days of the entry of this Order, the Debtors shall serve by first-class mail, postage pre-paid (i) this Order and the Notice of Sale upon (x) the Notice Parties and (y) those parties who expressed interest in purchasing the Acquired Assets, and (ii) the Notice of Sale upon all other persons entitled to notice pursuant to Bankruptcy Rule 2002(a)(2).

3. The form and manner of notice set forth in the preceding paragraph and in paragraph 4, below, is reasonable and sufficient to provide effective notice to all interested parties and shall be, and hereby is, approved as sufficient notice of the Bidding Procedures, the Sale Hearing, the Motion and all relief (not granted or otherwise addressed by this Order) contemplated thereby, and the assumption and assignment of the Assumed Contracts.

4. Objections to the Motion (except as related to this Order) and/or the Purchase Agreement must: (a) be in writing; (b) state the legal and factual basis for such objection; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the

Bankruptcy Court; and (e) be served on (i) counsel for the Debtors, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware, 10022 (Attn: Mark W. Eckard, Esq.); (ii) counsel for the Purchaser, Honigman Miller Schwartz and Cohn LLP, 660 Woodward Avenue, 2290 First National Building, Detroit, MI 48226-3506 (Attn: Aaron M. Silver, Esq.); and (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Mark Kenney, Esq.) (collectively, the "Service Parties"), <u>so as to be received no later than</u> 12:00 noon (Prevailing Eastern Time), on the third business day prior to the date of the Auction (the "Objection Deadline"). Any objection not filed and served strictly in compliance with this paragraph shall be overruled.

### Procedures Related to Assumption and Assignment of Executory Contracts and Unexpired Leases

5. No later than five (5) days after entry of this Order, the Debtors shall prepare and distribute, by first class mail, postage pre-paid, to non-Debtor parties to the Anticipated Assumed Contracts, a Notice of Assignment substantially in the form annexed to the Motion as **Exhibit E**, listing (i) the Anticipated Assumed Contracts, and (ii) the Cure Amounts, if any.

6. The Notice of Assignment provides ample notice of the relief requested, the relative impact that such relief may have on the counterparties to the Anticipated Assumed Contracts, and the procedures that such counterparties must follow to respond, participate in the Auction, or otherwise object to the relief requested, as the case may be.

7. If additional executory contracts and/or unexpired non-residential real property leases other than the Anticipated Assumed Contracts are to be assumed in connection with the Sale, no later than two (2) business days after the Auction, the Debtors shall send a subsequent Notice of Assignment, by overnight mail or facsimile, to all non-Debtor counterparties to such

-5-

additional executory contracts and unexpired non-residential real property leases to be assigned to the Successful Bidder (the "Additional Assumed Contracts") that were not Anticipated Assumed Contracts. The Anticipated Assumed Contracts and the Additional Assumed Contracts shall collectively be referred to as the "Assumed Contracts."

8. The non-Debtor parties to the Anticipated Assumed Contracts shall have until five (5) days before the Sale Hearing (the "Contract Objection Deadline"), which deadline may be extended in the sole discretion of the Debtors, to object (a "Contract Objection") to (i) the Cure Amounts listed by the Debtors and to propose alternative cure amounts, and/or (ii) the proposed assumption and assignment of the Anticipated Assumed Contracts in connection with the Sale; provided, however, if the Purchaser is not the Successful Bidder at the Auction, and the Debtors send the Notice of Assignment to a non-Debtor party to Additional Assumed Contracts, or if the Debtors otherwise amend the Notice of Assignment to add a contract or lease or to reduce the Cure Amount thereof, except where such reduction was upon mutual agreement of the parties, the non-Debtor parties thereto shall have an additional three (3) business days after service of such notice or amendment to object thereto or to propose an alternative Cure Amount (the "Amended Contract Objection Deadline").

9. Any party objecting to the Cure Amounts, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable agreement, or objecting to the potential assumption and assignment of Assumed Contracts, shall be required to file and serve a Contract Objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Assumed Contracts and/or any and all objections to the potential assumption and assignment of such

agreements, together with all documentation supporting such cure claim or objection, upon the Service Parties so that the Contract Objection is received no later than 4:00 p.m. on the Contract Objection Deadline or the Amended Contract Objection Deadline, as applicable. If a Contract Objection is timely filed, the Court shall hear any such Contract Objection at the Sale Hearing, or at such other time as the Court may designate, and determine the amount of any disputed cure amount or objection to assumption and assignment not settled by the parties at the Sale Hearing or such later date as the Court may deem appropriate.

10. In the event that no Contract Objection is timely filed, the applicable party shall be deemed to have consented to the Cure Amount proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Successful Bidders on account of the assumption and assignment of such executory contract or unexpired non-residential real property lease and deemed to have consented to the proposed assignment and assumption. In addition, if no timely Contract Objection is filed, the Successful Bidder shall enjoy all of the rights and benefits under the Assumed Contracts without the necessity of obtaining any party's written consent to the Debtors' assumption and assignment of such rights and benefits, and each such party shall be deemed to have waived any right to object to, consent to, condition or otherwise restrict any such assumption and assignment..

### Auction & Sale Hearing

11.  An auction (the "<u>Auction</u>") for the Purchased Assets will be conducted by the Debtors at the offices of its counsel, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, Delaware, 10022, on June 3, 2010, at 10 a.m. (EST) or at such other date and time as designated by the Debtors in its sole discretion exercised in good faith.

12.  The Sale Hearing will be conducted on June __, 2010, at __.m. (EST). The Debtors will seek entry of an order of the Court at the Sale Hearing approving and authorizing the sale of the Acquired Assets to Purchaser or other Successful Bidder(s). The Sale Hearing may be continued from time to time without further notice, other than announcements made in open court or a notice of adjournment filed with the Court and served on the Notice Parties.

### Approval of Bid Protection

13.  Pursuant to sections 105, 363, 503 and 507 of the Bankruptcy Code, the Debtors are authorized to pay the greater of (i) subject to the closing of an Alternative Transaction, the Break-Up Fee or (ii) the Expense Reimbursement to the Purchaser pursuant to the terms and conditions set forth in the Purchase Agreement. If the Debtors are required pursuant to the terms of the Purchase Agreement to pay the Break-up Fee or the Expense Reimbursement, the Debtors are authorized, empowered and directed to pay such amounts, which shall be deemed to be an allowed superpriority administrative expense claim in each of the Debtors' chapter 11 cases with priority over any and all administrative expense claims (other than claims based on the DIP Obligations and the Carve-Out (each as defined in the Final Order (I) Authorizing Debtors (A) To Obtain Postpetition Secured Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e), and (B) To Utilize Cash Collateral Pursuant To 11

U.S.C. §363, And (II) Granting Adequate Protection To Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364)) pursuant to section 503(b) of the Bankruptcy Code, without further order of the Court. The Break-up Fee and Expense Reimbursement set forth in the Purchase Agreement are hereby approved in all respects.

### **General**

14. Nothing in this Order shall affect the rights of Purchaser or another bidder submitting a higher or better offer at the Auction, prior to the Auction, to add or remove any executory contract or unexpired lease of the Debtors from the list of Assumed Contracts; provided that any such addition or removal must comply with the Bidding Procedures. The Debtors shall file with the Court a list of the Assumed Contracts on or before the date of the Sale Hearing.

15. The Debtors shall promptly provide copies of any Qualified Bids (as defined in the Bidding Procedures) received by the Debtors to counsel to Purchaser.

16. As provided in Bankruptcy Rule 6004(h) and 6006(d), this Order shall not be stayed for 14 days after the entry hereto and shall be effective and enforceable immediately upon the entry hereof.

17. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the findings of fact set forth herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law set forth herein constitute findings of fact, they are adopted as such.

18. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19. The Debtors is authorized to take all actions necessary to effect the relief granted pursuant to this Order in accordance with the Motion.

20. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SO ORDERED.

Dated: May 12, 2010
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE