## Exhibit A

## TAYLOR-WHARTON INTERNATIONAL, LLC

## [Bidding Procedures]

ORIGINAL

## TAYLOR-WHARTON INTERNATIONAL, LLC

### Bidding Procedures

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Proposed Sale") of assets of TW Cylinders LLC by Taylor-Wharton International, LLC, a debtor and debtor in possession, and each of its direct and indirect debtor subsidiaries (collectively, the "Debtors"). The Debtors will seek entry of an order from the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") authorizing and approving the Proposed Sale to the Proposed Purchaser or the Successful Bidder(s) (defined below), as the case may be, that is determined to have made the highest, best or otherwise financially superior offer (the "Sale Transaction"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Purchase Agreement (defined below).

### Purchase Agreement

On or about April 30, 2010, TW Cylinders LLC and Taylor-Wharton International LLC entered into a Purchase Agreement (the "Purchase Agreement") with Norris Cylinder Company (the "Proposed Purchaser"). Pursuant to the Purchase Agreement, the Proposed Purchaser would acquire free and clear of all pledges, setoff rights, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "Interests") to the maximum extent permitted by section 363 of title 11 of the United States Code (the "Bankruptcy Code"), the assets identified as the Sold Assets under section 2.1 of the Purchase Agreement and excluding those certain assets identified as Excluded Assets under section 2.2 of the Purchase Agreement (the "Acquired Assets").

The transaction contemplated by the Purchase Agreement is subject to competitive bidding as set forth herein, and to approval by the Bankruptcy Court pursuant to sections 363 and 365 of the Bankruptcy Code. In order to provide an incentive and to compensate the Proposed Purchaser for entering into the Purchase Agreement with the knowledge and risk that arises from its participating in the sale and subsequent bidding process, absent which the Proposed Purchaser would not have entered into the Purchase Agreement, in accordance with and subject to the Purchase Agreement, the Debtors have agreed, subject to the closing of an Alternative Transaction, to pay the greater of (i) subject to the closing of an Alternative Transaction, a break-up fee (the "Break-Up Fee") in an amount equal to $352,500 or (ii) an expense reimbursement ("Expense Reimbursement") for the actual documented out-of-pocket costs incurred by the Proposed Purchaser, including reasonable attorneys fees, incurred in connection with the preparation, negotiation, execution and performance of the Purchase Agreement, not to exceed in $250,000.

### Sale Motion

On April 30, 2010, the Debtors filed their *Motion Pursuant To 11 U.S.C. §§ 105(A), 363, 365 And Fed. R. Bankr. P. 2002, 6004, 6006 For (I) Entry Of An Order (A) Establishing Bidding And Auction Procedures Related To The Sale Of The Debtors' Cylinders Business And Related Acquired Assets; (B) Approving Bid Protections; (C) Scheduling An Auction And Sale Hearing*

*For The Sale Of The Debtors' Acquired Assets; (D) Establishing Certain Notice Procedures for Determination Cure Amounts; (E) Approving Form And Manner Of Notice Of All Procedures, Protections, Schedules And Agreements; And (E) Granting Certain Related Relief; And (II) Entry Of An Order (A) Approving The Sale Of The Debtors' Cylinders Business And Related Acquired Assets Free And Clear Of All Liens, Claims, Encumbrances And Interests; And (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (the "Sale Motion").

## The Bidding Process

The Debtors and their advisors shall (i) determine whether any bid for all or substantially all of the Acquired Assets is a Qualified Bid (defined below), (ii) coordinate the efforts of Qualified Bidders (defined below) in conducting their due diligence investigations, (iii) receive offers from Qualified Bidders, and (iv) negotiate in good faith any offers made to purchase the Acquired Assets (collectively, the "Bidding Process"). Any person that wishes to participate in the Bidding Process must be a Qualified Bidder. Neither the Debtors nor their representatives shall be obligated to furnish information of any kind whatsoever to any person that is not a Qualified Bidder. In the event any due diligence material has not previously been provided to any Qualified Bidder, Debtors shall simultaneously provide such material to all Qualified Bidders. The Debtors shall have the right to adopt such additional rules for the Bidding Process that will better promote the goals of the Bidding Process and that are not inconsistent with any of the other provisions hereof or of any Bankruptcy Court order.

## Participation Requirements

Any person that wishes to participate in the Bidding Process (a "Potential Bidder") must become a "Qualified Bidder." As a prerequisite to becoming a Qualified Bidder (and thus, among other things, prior to being able to conduct due diligence), a Potential Bidder must deliver (unless previously delivered) to the Debtors.

(i) An executed confidentiality agreement in form and substance acceptable to the Debtors;

(ii) Sufficient information, as requested by the Debtors, to allow the Debtors to determine that the bidder has the financial wherewithal to close the Sale Transaction, including, but not limited to, sources of and commitments for financing of the proposed purchase price, requisite financial assurances and current audited financial statements (or such other form of financial disclosure and credit-quality support or enhancement acceptable to the Debtors) of the Potential Bidder or of those entities that will guarantee the obligations of the Potential Bidder;

(iii) A preliminary (non-binding) written proposal regarding (i) the proposed purchase price, (ii) any property to be excluded, (iii) any anticipated regulatory approvals required to close the transaction, the anticipated time frame, and any anticipated impediments for obtaining such approvals, (iv) any conditions to closing that it may wish to impose, and (v) the nature

and extent of additional due diligence it may wish to conduct and the date by which such due diligence must be completed; and

(iv)     A good faith deposit equal to ten percent (10%) of the cash consideration proposed by such Potential Bidder.

A Qualified Bidder is a Potential Bidder that timely delivers the documents described in subparagraphs (i) - (iv) above, and that the Debtors determine is reasonably likely (based on financial information submitted by the Potential Bidder, the availability of financing, experience and other considerations deemed relevant by the Debtors), to submit a bona fide offer and to be able to consummate a sale if selected as a Successful Bidder (defined below). No later than three (3) business days after a Potential Bidder delivers all of the materials required by subparagraphs (i) - (iv) above, the Debtors shall determine, and shall notify the Potential Bidder, if such Potential Bidder is a Qualified Bidder. The Proposed Purchaser has complied with the foregoing requirement and is a Qualified Bidder and the Purchase Agreement is a Qualified Bid.

## Due Diligence

The Debtors may afford any Qualified Bidder the time and opportunity to conduct reasonable due diligence; provided, however, that the Debtors shall not be obligated to furnish any due diligence information after the Bid Deadline (defined below). The Debtors will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from such Qualified Bidders. Neither the Debtors nor any of their respective representatives are obligated to furnish any information to any person other than a Qualified Bidder.

## Bid Deadline

A Qualified Bidder that desires to make a bid shall deliver written copies of its bid to (i) Taylor-Wharton International, LLC, 4817 Old Gettysburg Road, Mechanicsburg, PA, 17055 (Attn: Leonard York); (ii) Reed Smith LLP, 1201 N. Market Street, Suite 1500, Wilmington, DE, 19801 (Attn: Mark W. Eckard), counsel to the Debtors, not later than 5:00 p.m. (prevailing Eastern time) on June 1, 2010 (the "Bid Deadline").

## Bid Requirements

In addition to the requirements set forth above for Qualified Bidders, all bids must include the following (the "Bid Requirements"):

- A binding, irrevocable written proposal prior to the Bid Deadline to purchase the Acquired Assets with no financing or due diligence contingencies, providing for a proposed purchase price, the value of which is determined by the Debtors to be equal to or greater than the sum of: (a) the Total Consideration plus (b) the Break-Up Fee plus (c) $750,000 in cash (the "Minimum Bid Increment").

- A letter stating that the bidder's offer is irrevocable until the earlier of (i) two (2) business days after the Acquired Assets have been sold pursuant to the

3

closing of the sale or sales approved by the Bankruptcy Court, and (ii) 60 days after the conclusion of the Sale Hearing.

- Does not require the Debtor to pay any break-up fee and/or expense reimbursement.

A bid received from a Qualified Bidder that meets all of the above requirements is a "Qualified Bid." Within one business day after the Bid Deadline, the Debtors shall distribute to each Qualified Bidder by e-mail and overnight delivery, a copy of each Qualified Bid submitted by any other Qualified Bidder.

The Debtors reserve the right to determine the value of any Qualified Bid, and which Qualified Bid constitutes the highest, best or otherwise financially superior offer.

## Proposed Purchaser Qualified Bidder/
## Purchase Agreement Qualified Bid

The Proposed Purchaser is a Qualified Bidder, and the Purchase Agreement is a Qualified Bid. The Proposed Purchaser's offer to purchase the Acquired Assets as set forth in the Purchase Agreement is irrevocable except as set forth in Section 8 of the Purchase Agreement.

## "As Is, Where Is"

The sale of the Acquired Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or their estate except to the extent set forth in the Purchase Agreement or the purchase agreement of another Successful Bidder. By submitting a bid, each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Acquired Assets prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Acquired Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Acquired Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures or, (i) as to the Proposed Purchaser, as expressly stated in the terms of the sale of the Acquired Assets set forth in the Purchase Agreement and ancillary documents, or (ii) as to another Successful Bidder, as expressly stated in the terms of the sale of the Acquired Assets as set forth in the applicable agreement and ancillary documents.

## Free Of Any And All Interests

Except as otherwise provided in the Purchase Agreement or another Successful Bidder's purchase agreement, all of the Debtors' right, title and interest in and to the Acquired Assets, subject to the Sale Transaction, shall be sold free and clear of interests to the maximum extent permitted by section 363 of the Bankruptcy Code, with such interests to attach to the net proceeds of the sale of the Acquired Assets subject to the Sale Transaction with the same validity and priority as such interests applied against such assets. Nothing herein shall prevent any party

in interest from objecting to the Bankruptcy Court's approval of such purchase agreement, except with respect to the Break-Up Fee and the Expense Reimbursement which are being approved in connection with approval of these Bidding Procedures.

## Auction

If a Qualified Bid other than that submitted by the Proposed Purchaser has been received by the Debtors prior to the Bid Deadline, the Debtors shall conduct an auction (the "Auction") with respect to the Acquired Assets. The Auction shall commence on June 3, 2010 at 10:00 a.m. (Eastern). The Debtors shall notify the Qualified Bidders that have submitted Qualified Bids of the time and place of the Auction.

Only a Qualified Bidder that has submitted a Qualified Bid is eligible to participate at the Auction. During the Auction, bidding shall begin initially with the highest Qualified Bid as determined by the Debtors and subsequently continue in minimum increments of at least $100,000 in cash. Except as otherwise set forth herein, the Debtors may conduct the Auction in the manner they determine will result in the highest, best or otherwise financially superior offer(s) for the Acquired Assets. Any such rules will provide that: (A) the procedures must be fair and open, with no participating Qualified Bidder disadvantaged in any material way as compared to any other Qualified Bidder; (B) all bids will be made and received in one room, on an open basis, and all other bidders will be entitled to be present for all bidding with the understanding that the true identity of each bidder will be fully disclosed to all other bidders and that all material terms of each Qualified Bid will be fully disclosed to all other bidders throughout the entire Auction; and (C) each Qualified Bidder will be permitted a fair, but limited, amount of time to respond to the previous bid at the Auction.

Prior to closing the Auction, the Debtors shall (i) immediately review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Proposed Sale, and (ii) identify the highest, best or otherwise financially superior offer(s) for the Acquired Assets (the "Successful Bid(s)" and the entity or entities submitting such Successful Bid, the "Successful Bidder(s)"), which highest, best or otherwise financially superior offer(s) will provide the greatest amount of net value to the Debtors, and advise the Qualified Bidders of such determination.

In the event the Proposed Purchaser is the only Qualified Bid received by the Bid Deadline, no auction will be considered and the Purchaser will be the Successor Bidder.

## Acceptance of Qualified Bids

Subject to the limitations set forth above, the Debtors shall sell the Acquired Assets to the Successful Bidder(s) upon the approval of the Successful Bid(s) by the Bankruptcy Court after a hearing (the "Sale Hearing"). The Debtors' presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing. All interested parties reserve their right to object to the Debtors' selection of the Successful Bidder(s).

## Sale Hearing

The Sale Hearing shall be conducted by the Bankruptcy Court on June___, 2010 at __:00 _.m. (Eastern) or on such later date and time as may be established by the Bankruptcy Court. Following the approval of the sale of the Acquired Assets to the Successful Bidder(s) at the Sale Hearing, if such Successful Bidder(s) fails to consummate an approved sale in accordance with the applicable Successful Bidder's purchase agreement, the Debtors shall be authorized, but not required, to deem the next highest or otherwise best Qualified Bid, as disclosed at the Sale Hearing, the Successful Bid, and the Debtors shall be authorized, but not required, to consummate the sale with the Qualified Bidder submitting such bid without further order of the Bankruptcy Court.

## Deposit Retention

On the earlier of (i) two (2) business days after the Acquired Assets have been sold pursuant to the closing of the sale or sales approved by the Bankruptcy Court, and (ii) 60 days after the conclusion of the Sale Hearing, the Debtors shall return all deposits to the issuing parties who did not become Successful Bidders. If a Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Debtors shall be entitled to retain the deposit as its damages resulting from the breach or failure to perform by the Successful Bidder in accordance with the applicable purchase agreement.